UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-20593-CIV-GOODMAN

[CONSENT CASE]

RUSLAM RODRIGUEZ,

    Plaintiff,

v.

JANTREX BUILDING SERVICES, INC.,

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE (BUT WITH CONDITIONS) PLAINTIFF'S MOTION *IN LIMINE*

In this lawsuit for unpaid overtime hours under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Plaintiff has filed an *in limine* motion [ECF No. 34], asking the Court to exclude three defense witnesses he claims were disclosed after expiration of the applicable deadline. Because excluding witnesses is a drastic remedy, because Plaintiff learned of the witnesses months ago during a deposition, and because the Court can fashion a remedy designed to eliminate or significantly reduce any prejudice to Plaintiff, the Court **denies** the motion, albeit without prejudice. However, as outlined below, Plaintiff will be able to take the depositions of the three witnesses (even though the discovery deadline has expired) and Defendant will pay all expenses

associated with the depositions – including attorney's fees for the time incurred by Plaintiff's counsel in preparing for and taking the depositions. If, after taking the depositions of these three witnesses at Defendant's expense, Plaintiff believes he would be significantly prejudiced at trial if they testified, then Plaintiff may renew his motion (and specifically explain how the depositions did not eliminate or significantly reduce any potential prejudice).

I.      **FACTUAL BACKGROUND**

The Court's Scheduling Order required the parties to provide their witness lists by July 23, 2012. It also established an October 29, 2012 deadline for motions *in limine*.

Pursuant to this scheduling order, Defendant served its witness list on July 23, 2012.

On July 24, 2012, the day after the witness list disclosure deadline expired (and the day after Defendant served its witness list), Defendant took Plaintiff's deposition. During the deposition, Defendant Jantrex Building Services, Inc. learned that Elisa Santiago, Maritza Gonzalez, and Surgey Suarez possessed relevant information. Of course, Plaintiff's counsel, who attended the deposition, also learned about these three witnesses at that same deposition.

Jantrex contends that these witnesses possess "critical" information [ECF No. 37, p. 2] about Plaintiff's theories that he is entitled to be paid for his travel time between two different job sites and that Jantrex improperly reduced his pay rate.

Jantrex did not list any of these three witnesses on the witness list it served the day before the deposition. Moreover, it did not seek to take depositions of any of these three witnesses before expiration of the August 25, 2012 discovery deadline. Similarly, it did not seek leave to amend its witness list to add any of these three witnesses.

Following the same low-key (or no-key) approach that Jantrex adopted towards these three witnesses, Plaintiff did not take the deposition of any of these three witnesses either, nor did he seek to amend his witness list to add them.

On October 15, 2012, the Parties submitted their Joint Pretrial Stipulation. Jantrex's witness list included the three witnesses, but the stipulation noted that Plaintiff objected to them because Jantrex had not previously disclosed them.

Slightly more than two weeks later, on October 30, 2012, Plaintiff filed the instant motion *in limine*, urging the Court to exclude all three witnesses. Jantrex opposes [ECF No. 37] the motion and raises the following arguments: (1) Plaintiff's motion is untimely – it is a day late – and should be summarily denied on this basis alone, (2) the witnesses are "critical" and Jantrex will make the witnesses available for deposition, and (3)

Plaintiff himself learned of the witnesses on July 24, 2012 and had ample opportunity to take their depositions or otherwise interview them before trial.

## II.     LEGAL ANALYSIS

Given that Jantrex is seeking to call three witnesses even though it failed to timely disclose them and failed to seek leave to add them to its mandatory disclosures, it hardly has standing to complain that *Plaintiff's* motion *in limine* is one day late.

In deciding whether to exclude an untimely disclosed witness, a court should consider (1) the importance of the testimony, (2) the reason for the failure to make a timely disclosure, and (3) the prejudice to the opposing party if the witness were to testify at trial. *Ramirez v. Sharpton Brunson & Co., P.A.*, No. 08-21739, 2009 WL 3148762 (S.D. Fla. Sept. 30, 2009). *See generally Bearint v. Dorel Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) (relying on same three factors to determine whether the trial court abused its discretion in excluding a witness not listed on the pretrial witness list).

Plaintiff has not classified the testimony of the three witnesses, so the Court is left with Jantrex's contention that their testimony is critical to the defense. Although Jantrex certainly had an acceptable reason for not disclosing the witnesses when it submitted its witness list (i.e., it did not learn about them until the following day), its failure to seek leave to file an amended witness list is not as logical.

On the other hand, Jantrex has unequivocally offered to make these witnesses available for deposition. Depending on what these witnesses say at their depositions, Plaintiff might be prepared enough for trial to eliminate or substantially reduce any prejudice caused by the "new"[1] witnesses. But, to be sure, they might also reveal information so new and startling that Plaintiff would not have sufficient time to conduct additional investigation or to adequately prepare for trial.

The Court will not know which scenario will unfold unless and until the depositions are taken.

III. <u>**CONCLUSION**</u>

Therefore, the Court **denies** the motion to exclude these three witnesses (because the relief might be too extreme) but does so **without prejudice.** Plaintiff may refile the motion after taking the depositions under the following rules:

---

[1] These three witnesses are not "surprise" witnesses in the traditional sense. Their existence became known to the parties at the same time – at Plaintiff's deposition. Had Plaintiff wanted to obtain information from them, he certainly could have done so privately (through an interview) or publicly (in a deposition). Thus, Plaintiff might have been surprised that Jantrex listed the witnesses in the pretrial stipulation but he was not surprised to learn that they presumably have some relevant information. In fact, it may well be that the witnesses have information which *helps* Plaintiff's case. If that scenario unfolds at the depositions, then Plaintiff will be benefitted, not prejudiced, by the trial testimony of the three witnesses.

1. Given Jantrex's agreement to make the witnesses available, **Jantrex** shall follow through on its representation and produce all three witnesses for deposition by November 28, 2012.

2. Any witness who Jantrex does not produce for deposition by this deadline will be excluded from testifying at trial.

3. Jantrex will pay all costs associated with all three depositions, including (if necessary) process server fees, witness fees (including reimbursements for mileage or other permissible costs), court reporter fees, videographer fees (if Plaintiff decides to use a videographer), fees for transcripts of all depositions taken under this Order, fees for DVDs (if videotaped depositions are taken), and the attorney's fees which Plaintiff's counsel incurs in preparing for, and taking, all depositions permitted by this Order.

4. Jantrex shall pay the attorney's fees within three business days of receiving an invoice from Plaintiff's counsel. If Plaintiff's counsel has been retained on a contingency fee basis, then counsel shall use the hourly rate which counsel would use in seeking fees as a prevailing party plaintiff in this FLSA case.

5. If Jantrex decides that it is unwilling to pay the costs and fees associated with the depositions which Plaintiff is being permitted to take, then it may provide notice to Plaintiff of its intent to withdraw one or more of the three witnesses from its pretrial stipulation witness list by 5:00 p.m. on November 19, 2012.

6. If Plaintiff decides to renew his motion, then he must file his motion by December 3, 2012 and the motion must provide specific, detailed reasons for the prejudice he contends still undermines his case. Assuming Plaintiff files a renewed motion, then Jantrex shall respond by December 5, 2012 and no further replies or briefing will be permitted absent specific court order.

**DONE AND ORDERED** in Chambers, Miami, Florida, this 14th day of November, 2012.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record